No. 19,137.

Robert H. Drake, et al. v. State Farm Mutual
Automobile Insurance Company.
(350 P. [2d] 566)

Decided March 28, 1960.

Mr. Spiro A. Fotopulos, for plaintiffs in error.

Messrs. Wormwood, O'Dell & Wolvington, for defendant in error.

*In Department.*

Opinion by Mr. Justice Knauss.

The parties to this writ of error are here in the same order they appeared in the trial court.

Plaintiffs in their amended complaint alleged that on October 24, 1957, the defendant by its agent issued a binder receipt wherein the defendant agreed to insure the automobile owned by the plaintiffs for various types of coverage. That on October 26, 1957, the automobile

was involved in a collision; that demand was made upon the defendant to perform the conditions of the binder receipt, and that defendant refused so to do.

The plaintiffs prayed that the court declare the rights of the plaintiffs and the defendant and in the event the court held that the binder receipt constituted a binding agreement between the parties, that the plaintiffs have judgment for damages to their automobile and for medical payments.

The answer of the defendant contained two defenses. By way of a first defense, the defendant admitted the binder receipt was executed by the agent of the defendant and delivered to the plaintiffs but denied that any contract was entered into between the parties and alleged that the binder was issued due to fraud and misrepresentation on the part of the plaintiffs.

For a second defense it was alleged that the binder was issued by reason of certain misrepresentations made by the plaintiffs, by and through Donna G. Drake, which misrepresentations were confirmed in writing.

The answer further alleged that the representations made were to the effect that no insurer had cancelled or refused to issue or renew automobile insurance to the applicants or any member of their household within the past three years; that such representations were false, the Home Insurance Company having cancelled a policy on March 10, 1957.

The answer further alleged that the defendant would not have issued the binder and assigned a policy number to said binder if it had been advised of the previous cancellation of the Home Insurance Company; that by reason of said matters the binder is null and void ad initio.

The trial court directed a verdict in favor of State Farm Mutual Automobile Insurance Company and the Drakes bring the case here seeking reversal.

It is admitted that Mrs. Drake, who signed the application for the insurance was of mature years, a high

246

;school graduate and had had considerable experience as an employee of a local telephone company.

This case is strikingly like *Safeco Insurance Company of America v. Gonacha, et al.*, No. 18,502, decided by this court on March 14, 1960. We there held that misrepresentations made by the applicant for automobile ·coverage in the application therefor voided the policy and no recovery could be had. In addition to the authorities there cited we call attention to the following: *Klim v. Johnson*, 13 CCH Automobile Cases, 1429 (Ill. App. Not yet reported officially); *Adamos v. New York Life Ins. Co.*, 22 F. Supp. 162, affirmed in 94 F. (2d) 943, and *Adriaenssens v. Allstate Insurance Co.*, 258 F. (2d) 888.

The judgment of the trial court is affirmed.

Mr. Chief Justice Sutton and Mr. Justice Day ·concur.